| UNITED STATES BANKRUPTCY COURT | Hearing Date: May 19, 2010 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | @ 11:00 a.m. |

―――――――――――――――――――――X

In re:

| DIMITRI NURSERIES, INC. | CHAPTER 7 |
|---|---|
| Debtor. | CASE NO. 09-13258 (REG) |

―――――――――――――――――――――X

TRUSTEE'S APPLICATION AND POINTS OF LAW FOR ENTRY OF ORDER
HOLDING RESPONSIBLE PERSONS DIMITRI GATANAS AND ALEXANDER N.
GATANAS IN CIVIL CONTEMPT OF ORDER COMPELLING THEM TO TURN-
OVER DOCUMENTS OF THE DEBTOR AND TO FILE SCHEDULES PURSUANT
TO RULE 1007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO: THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

Angela Tese-Milner, the Chapter 7 Trustee ("Trustee") of Dimitri Nurseries, Inc. ("Debtor") submits this application for an order holding Dimitri Gatanas and Alexander N. Gatanas in civil contempt for failure to comply with Order on Consent Pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 9001(5)(A) authorizing and directing the Debtor to comply with 11 U.S.C. ("Bankruptcy Code") Section 521 and FRBP Rule 4002, designating Dimitri Gatanas and Alexander N. Gatanas as Responsible Persons for Dimitri Nurseries, Inc. entered on January 13, 2010 ("Consent Order") which required the Responsible Persons to perform the obligations of the Debtor pursuant to F.R.B.P. 1007. The Trustee requests that the Responsible Persons be fined $500.00 each per day until they comply with the Consent Order. The Debtor has not filed bankruptcy schedules or a Statement of Financial Affairs in the Chapter 11 Case after the Court issued a deficiency notice. The Debtor has not filed a Statement in conformance with Federal Rule of Bankruptcy Procedure 1019. The Responsible Persons have failed to account for $3.9

1

million dollars received by the Debtor within the two years prior to the filing of the bankruptcy petition.

## BACKGROUND FACTS

1. On or about May 20, 2009 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The Debtor was in the business of operating a retail garden center and related businesses.

2. By order dated November 24, 2009, the Court granted the motion of the Office of the United States Trustee, to convert the Chapter 11 Case to a Chapter 7 Case. A 341 meeting was held on January 12, 2010 and Angela Tese-Milner became permanent Trustee.

3. On December 16, 2010, after the Debtor failed to respond to the Chapter 7 Trustee's demands for the filing of bankruptcy schedules and the turn-over of documents the Trustee filed a motion to designate Dimitri Gatanas and Alexander N. Gatanas as responsible persons for the Debtor. On January 13, 2010, this Court entered an order on consent designating Dimitri Gatanas and Alexander N. Gatanas as responsible persons (hereinafter, collectively referred to as "Responsible Persons") and compelling them to perform the obligations of the Debtor pursuant to F.R.B.P. 4002 and Sections 341, 343 and 521 of the Bankruptcy Code. Docket Number 33 on the Court's Docket. The Order provides in relevant part that Responsible Persons are ordered to "to turnover the books and records of the Debtor and to file schedules". The Responsible Persons have not complied with the Consent Order.

4. The Debtor has never filed bankruptcy schedules or a statement of financial affairs. The Trustee sent correspondence and had telephone conversations with the Responsible

Persons' attorney Steven Rosenberg. The Responsible Persons agreed to file and serve the bankruptcy schedules on or before February 19, 2010 but have failed to comply.

5. The Debtor sold real property in New York City on or about 2007 and realized a net profit of $3.9 million after the payment of its mortgage. At the 341 meeting the Responsible Persons testified under oath that the net proceeds had been deposited into the Debtor's bank account. The Trustee has requested all documents in connection with the disposition of the proceeds of the sale. See Docket Number 42 on the Court's Docket. The Responsible Persons have not complied with the Consent Order by failing to account for the 3.9 million dollars or to provide the Trustee with documentation and information as to how the Debtor expended $1.4 Million which the Responsible Persons withdrew from Bank of America in the Debtor's name by bank or cashier check on May 31, 2007. See letter requesting this information from the Responsible Persons and the attorney for the Debtor Docket Number 42 on the Court's Docket.

6. In addition, the Responsible Persons have failed to respond to subpoenas for the financial accounts of related companies which received substantial transfers from the Debtor and which are owned and operated by the Responsible Persons.

7. The Consent Order authorized the Trustee to move to hold the Responsible Persons in civil contempt should they fail to comply with the Consent Order.

**RELIEF REQUESTED**

8. The Trustee seeks an order holding the Responsible Persons in Civil Contempt pursuant to F.R.B.P. 9020(b) and assessing costs of $500.00 per day against the Responsible Persons until they purge themselves of the contemptuous behavior and

cooperate with the Consent Order. In addition, the Trustee seeks costs in bringing this motion, including reasonable attorney's fees and expenses.

## POINTS OF LAW

9. The Trustee has requested that the Responsible Persons be sanctioned for their disregard of the Court's Consent Order. The failure to cooperate with or to turnover documents to a trustee in bankruptcy is sufficient disregard of judicial authority to warrant contempt sanctions. See In re Stockbridge, 145 B.R. 797, 805 (Bankr. 1992) aff. in part rev'd in part (on other grounds).

10. The Trustee also requests that the Responsible Persons be required to pay her attorney's fees and costs incurred in drafting, filing and prosecuting this motion and the previous motion to designate principals of the Debtor. The violation of the Court's Consent Order in this case is clearly willful and warrants the assignment of fees and expenses. EEOC v. Local, 638, 889 F. Supp. 642, 670-671 (S.D.N.Y. 1995).

11. Civil contempt is intended to coerce compliance with a court order, and/or to remedy the party injured by the contemnor's non-compliance. See In re Ngan Gung Restaurant, 195 B.R. 593, 598 (Bankr. S.D.N.Y. 1996), quoting United States v. United Mine Workers of America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 701 (1947); In re Maxair Aircraft Corp. of Georgia, Inc., 148 B.R. 353, 357 (Bankr. M.D. Georgia 1992), quoting In re Duggan, 133 B.R. 671, 673 (Bankr. D. Mass. 1991); In re Shore, 193 B.R. 598, 601 (Bankr. S.D. Fla. 1996).

12. A bankruptcy court has the inherent power, under Bankruptcy Code § 105, to hold parties in civil contempt for violation of its own orders. See, e.g., In re Ngan Gung Restaurant, 195 B.R. at 597; In re Ionosphere Clubs, Inc., 171 B.R. 18, 21 (S.D.N.Y.

1994); In re Frankel, 192 B.R. 623, 628-29 (Bankr. S.D.N.Y. 1996). In addition, F.R.B.P. Rule 9020 governs contempt proceedings before a bankruptcy court.

13. The legal standards for a finding of civil contempt were set forth by the Second Circuit in Huber v. Marine Midland Bank, 51 F.3d 5, 9 (2nd Cir. 1995) which held that to find a party in civil contempt the court need only "(1) have entered a clear and unambiguous order; (2) find it established by clear and convincing evidence that the order was not complied with; and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." Id. at 10.

14. As long as the individual has knowledge of the order "accidental, inadvertent or negligent conduct can be grounds for imposing civil contempt sanctions, and those sanctions may include attorney's fees." In re Patterson, 111 B.R. 395, 397 (Bankr. N.D.N.Y. 1989), quoting In re Shafer, 63 B.R. 194, 198 (Bankr. D. Kan. 1986).

## NOTICE

15. The Trustee has given notice of this application and proposed order by mailing the application, notice of motion and proposed order herein to Dimitri Gatanas, 51 Bruckner Blvd., Bronx, NY 10454; Alexander N. Gatanas, 51 Bruckner Blvd., Bronx, NY 10454; Office of The United States Trustee, 33 Whitehall Street, New York, NY 10004; and Steven Rosenberg Esq., Attorney for the Debtor, 200 Broadhollow Road, Suite 207, Melville, NY 11747.

## PRIOR RELIEF

16. The relief requested herein has not been previously requested before this or any other court.

WHEREFORE, the Trustee requests that the Responsible Persons be held in civil contempt of this Court's Consent Order and fined $500,000.00 per day each until they comply with the Consent Order and that she be granted such other and further relief as is just and reasonable.

Dated: New York, New York           TESE & MILNER
      April 19, 2010               Attorneys for the Chapter 7 Trustee

                                             __/s/  A .Tese-Milner_____
                                              Angela Tese-Milner, Esq. (ATM-9110)
                                              One Minetta Lane
                                              New York, New York 10012
                                              (212) 475-3673